IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTA ENERGY PARTNERS, | § | |
|     *Appellant*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-00750 |
| | § | |
| BLAST ENERGY SERVICES, INC., | § | |
| EAGLE DOMESTIC DRILLING | § | |
| OPERATIONS, LLC | § | |
|     *Appellees*. | § | |

# ORDER

Pending before the court is appellees Blast Energy Services, Inc. ("Blast") and Eagle Domestic Drilling Operations LLC's ("Eagle") motion to dismiss the above-numbered appeal of the bankruptcy court's February 26, 2008, order confirming debtors' second amended joint plan of reorganization ("Confirmation Order"). Upon careful consideration of the motion, responsive pleadings, evidence, and applicable law, the court is of the opinion that this appeal should be DISMISSED.

## BACKGROUND

On January 19, 2007, appellees filed for relief under Chapter 11 of the United States Bankruptcy Code. Dkt. 3 at 2. Appellant Alberta Energy Partners ("Alberta") is a party to an executory contract with Blast executed on March 17, 2006. *Id.* In October and November of 2007, the bankruptcy court denied Alberta's motion to deem executory contract rejected and motion to compel assumption or rejection of the executory contract. *Id.* Alberta separately appealed the

bankruptcy court orders.[1]  *Id.*  After negotiations, on February 26, 2008, the bankruptcy court entered an order confirming second amended joint plan of reorganization.  *Id.*  The bankruptcy court concurrently denied Alberta's request for a stay pending appeal.  Dkt. 2 at 5.  Pursuant to the Confirmation Order, Wells Fargo Bank immediately transferred $4,000,000 in preferred stock ("Plan Assets") to the appellees.  *Id.* at 6.  Appellees then distributed $2,254,501 of the Plan Assets to their unsecured creditors.  *Id.*  The Plan designated the remaining portion of the Plan Assets as funds to be used by appellees in their continued operations.  *Id.*  The following day, the Honorable Lynn Hughes of the United States District Court denied Alberta's emergency motion and again denied its request for a stay pending appeal.  *Id.* at 5.  Alberta filed its notice of appeal of the confirmation order with this court on March 6, 2008.  Dkt. 1.  On March 13, 2008, appellees moved this court to dismiss the appeal.  Dkt. 2.

## ANALYSIS

Appellees argue that this appeal is moot and should be dismissed.  Dkt. 2.  In a bankruptcy context, equitable mootness is a "recognition by the appellate courts that there is a point beyond which they cannot order fundamental changes in reorganization actions."  *Manges v. Seattle-First Nat'l Bank (In re Manges)*, 29 F.3d 1034, 1039 (5th Cir. 1994) (citing *In re AOV Indus., Inc.*, 792 F.2d 1140, 1147 (D.C. Cir. 1986)).[2]  Therefore, an appellate court may decline to review a confirmation order where there has been "substantial consummation" of the reorganization plan "such that effective judicial relief is no longer available," regardless of whether viable disputes

---

[1]  The appeals were consolidated into Civil Action No. H-07-3374 ("Consolidated Appeal").

[2]  In so recognizing, a court should be concerned with "striking the proper balance between the equitable considerations of finality and good faith reliance on a judgment and the competing interests that underlie the right of a party to seek review of a bankruptcy order adversely affecting him."  *Manges*, 29 F.3d at 1039 (quoting *First Union Real Estate Equity & Mortgage Invs. v. Club Assoc. (In re Club Assoc.)*, 956 F.2d 1065, 1069 (11th Cir. 1992)).

between the parties remain. *Id.* at 1039 (citing *Brite v. Sun Country Dev., Inc. (In re Sun Country Dev., Inc.)*, 764 F.2d 406, 406–07 n.1 (5th Cir. 1985)); *see also Berryman Prods., Inc. v. Nationwide Mutual Ins. Co. (In re Berryman Prods., Inc.)*, 159 F.3d 941, 944 (5th Cir. 1998) (dismissal is proper "even though the parties may have a viable dispute on appeal"). A determination of mootness requires a "case-by-case judgment regarding the feasibility or futility of effective relief should a litigant prevail." *Manges*, 29 F.3d at 1043 (citing *AOV Indus.*, 792 F.2d at 1147–48).

When evaluating whether an appeal of a confirmation order is moot, the Fifth Circuit examines whether: "(1) a stay has been obtained, (2) the plan has been substantially consummated, and (3) the relief requested would affect either the rights of parties not before the court or the success of the plan." *United States ex rel. Fed. Commc'n Comm'n v. GWI PCS 1 Inc. (In re GWI PCS 1 Inc.)*, 230 F.3d 788, 800 (5th Cir. 2000) (citing *Ins. Subrogation Claimants v. U.S. Brass Corp. (In re U.S. Brass Corp.)*, 169 F.3d 957, 959 (5th Cir. 1999)).

**A.   Stay Pending Appeal**

The requirement of a stay "encapsulates the fundamental bankruptcy policy of reliance on the finality of confirmation orders." *Berryman*, 159 F.3d at 944. By obtaining a stay, third parties are prevented from relying upon the reorganization plan while an appeal proceeds. *GWI PCS 1 Inc.*, 230 F.3d at 800. As noted by the Fifth Circuit, a stay pending appeal that is either denied or not sought at all has the same effect on an equitable mootness analysis. *Manges*, 29 F.3d at 1040; *AOV Indus., Inc.*, 792 F.2d at 1147.

Here, it is undisputed that Alberta did not obtain a stay. The bankruptcy court denied Alberta's first request for a stay pending appeal on February 21, 2008, pursuant to Bankruptcy Rule

3

3020.[3] Dkt. 2 at 4. Consequently, Alberta filed an emergency motion to stay pending appeal in this court. *Id.* at 5. Judge Hughes denied Alberta's emergency motion on February 26, 2008. *Id.* Therefore, this factor "militates in favor of dismissal for mootness." *GWI PCS 1 Inc.*, 230 F.3d at 801.

**B.     Substantial Consummation**

"Substantial consummation," a term borrowed from the Bankruptcy Code, is used for determining "whether a reorganization plan may be amended or modified by the bankruptcy court." *Manges*, 29 F.3d at 1040 (citing 11 U.S.C. §§ 1101(2), 1127(b)). In the mootness context, substantial consummation "informs [a court's] judgment as to when finality concerns and the reliance interests of third parties upon the plan as effectuate have become paramount to a resolution of the dispute between the parties on appeal." *Id.* at 1041; *see also, e.g., Ronit, Inc. v. Stemson Corp. (In re Block Shim Dev. Co.)*, 939 F.2d 289, 291 (5th Cir. 1991); *accord Club Assoc.*, 956 F.2d at 1069. The statutory definition of "substantial consummation" is as follows:

> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
> (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
> (C) commencement of distribution under the plan.

11 U.S.C. § 1101(2).

"[T]he strong public interest in the finality of bankruptcy reorganizations is particularly compelling" when a reorganization plan has been substantially consummated. *In re Continental*

---

[3]     Bankruptcy Rule 3020(e) states: "An order confirming a plan is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 3020(e). The bankruptcy court immediately denied the stay. Dkt. 2 at 4.

*Airlines*, 91 F.3d 553, 561 (3d Cir. 1996). The substantial consummation analysis is based on "the need for finality, and the need for third parties to rely on that finality, in bankruptcy proceedings." *TNB Fin., Inc. v. James F. Parker Interests (In re Grimland, Inc.)*, 243 F.3d 228, 231 (5th Cir. 2001). Given these concerns, the Fifth Circuit has construed "substantial consummation" leniently so long as a plan's wheels have been substantially set in motion. *See, e.g.*, *GWI PCS 1 Inc.*, 230 F.3d at 802 (finding substantial consummation even though the debtors had not yet obtained all financing required under the plan and had yet to fulfill other requirements under the plan); *Brass*, 169 F.3d at 961 ("[T]he transactions that have taken place to date, the exchange of mutual releases, the disbursements already made, and the general implementation of the plan by all the involved parties evidence substantial consummation of the plan.").

The Plan at issue was confirmed by the bankruptcy court on February 21, 2008. Appellees claim that on February 27, 2008,[4] they disbursed $2,254,501 of the Plan Assets to their administrative, priority, and general unsecured creditors.[5] Dkt. 2, Ex. G. Appellees were to use the remaining Plan Assets in the continuance of their operations; presumptively, they already expended a portion of this remainder during the months of February, March, and April. *Id.* at Ex. H. Appellees assert that a reversal of the Confirmation Order would impose an impossible burden of recovering and returning the $4,000,000 in Plan Assets. *Id.* at 6. Although Alberta claims it is not seeking a complete unwinding of the Plan, a reversal of the Confirmation Order would lead to just that, undermining the principles of reliance and finality sought in confirmation orders.

---

[4] Alberta's emergency hearing was also held on February 27, 2008, during which time the district court was advised of the Plan's substantial consummation. Dkt. 2 at 5.

[5] This disbursement represents payment to 100% of appellees' unsecured creditors. *Id.* at 6.

5

*Grimland, Inc.*, 243 F.3d at 231; Dkt. 3 at 12.  Because the bulk of appellees' Plan Assets have been disbursed, and because distribution has substantially commenced, substantial consummation has occurred and weighs in favor of a finding of mootness.

**C.     Rights of Non-Parties or Success of the Plan**

Lastly, the Fifth Circuit recognizes that "substantial consummation of a reorganization plan is a momentous event, but it does not necessarily make it impossible or inequitable for an appellate court to grant effective relief." *GWI PCS 1 Inc.*, 230 F.3d at 802 (quoting *Manges*, 29 F.3d at 1042–43).  Where the relief requested would invalidate a reorganization plan entirely, it is more likely to adversely affect third parties who have relied on it.  *Manges*, 29 F.3d at 1043.  When it appears to a court that it would be nearly impossible to restore the estate or its claimants to *status quo* as it existed prior to the confirmation order, a finding of equitable mootness is appropriate. *Id.*

To date, appellees have distributed over $2,500,000 in Plan Assets to their creditors, none of which are before the court.  Dkt. 2.  Should the court reverse the Confirmation Order, each of these creditors would be adversely affected, and the overall success of the Plan and its current viability would be disrupted.  Because the requested remedy would disturb nearly a year's worth of effort on behalf of the bankruptcy court, and because revocation of the Confirmation Order would likely affect a number of irreversible transfers to third parties, this factor also weighs in favor of mootness.

## Conclusion

In sum, the Plan has been implemented and relied upon to such an extent that unraveling it at this point would be unfair and likely impossible.  Alberta did not obtain a stay pending appeal

and for several months appellees' creditors have relied on and operated under the terms of the Plan; the Plan has been substantially consummated. To date, more than $2,500,000 of Plan Assets have been disbursed pursuant to the Plan. To rescind confirmation of the Plan would have adverse consequences to third parties and would jeopardize the overall success of the Plan.

For the foregoing reasons, the court finds that it "would be plainly inequitable for this court to consider the merits of [Alberta's appeal]."[6] *Halliburton Serv. v. Crystal Oil Co. (In re Crystal Oil Co.)*, 854 F.2d 79, 82 (5th Cir. 1988). Accordingly, this appeal is DISMISSED.

Signed at Houston, Texas on April 24, 2008.

_____
Gray H. Miller
United States District Judge

---

[6] The court is cognizant of Alberta's concern that a failure to appeal the Confirmation Order would jeopardize the success of its Consolidated Appeal. Dkt. 3 at 8. Numerous cases have held that a failure to appeal a confirmation order serves as grounds for *res judicata* of any other appeal concerning matters covered by the confirmation order. *See, e.g.*, *Republic Supply Co. v. Shoaf*, 815 F.2d 1046 (5th Cir. 1987) (foreclosing Republic's current appeal for failure to appeal the confirmation order). However, Alberta's Consolidated Appeal does not affect the foregoing analysis.

Assuming that Alberta succeeded on the merits of its Consolidated Appeal, dismissal of this appeal for equitable mootness would still be appropriate. To reiterate, in the event of such an outcome, the court would again consider the three elements of equitable mootness: (1) whether a stay has been obtained, (2) whether the plan has been substantially consummated, and (3) whether the relief requested would affect the rights of third parties not before the court or the overall success of the plan. *GWI PCS 1 Inc.*, 230 F.3d at 780. The first element would be satisfied: Alberta has not obtained a stay pending appeal. The second element would be satisfied: appellees' disbursed over $2,500,000 in Plan Assets to their unsecured creditors. The third element would be satisfied: a revocation of the Confirmation Order would adversely affect unsecured creditors and the overall success of the Plan. Therefore, although the court appreciates Alberta's arguments, the outcome of Alberta's Consolidated Appeal does not affect the results in this appeal.